08-2140-cv
D.A. Elia Constr. Corp. v. Damon & Morey LLP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

Present:
> JON O. NEWMAN,
> PETER W. HALL,
> > *Circuit Judges*,
> JANE A. RESTANI,[*]
> > *Judge*.

---

D.A. ELIA CONSTRUCTION CORP.,

> *Plaintiff-Appellant*,

> v.                                    No. 08-2140-cv

DAMON & MOREY LLP,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:      DAVID A. ELIA, Buffalo, New York.
For Defendant-Appellee:    DANIEL F. BROWN, Damon & Morey LLP, Buffalo, New York.

---

Appeal from the United States District Court for the Western District of New York (Arcara,

---

[*] Chief Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

*J.*).

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED.

Appellant D.A. Elia Construction Corp. ("Elia") appeals the district court's order declining to remand this case to state court pursuant to 28 U.S.C. § 1334 and granting summary judgment on the grounds of *res judicata*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of appellate issues.

Our authority to review the district court's decision not to remand this case to state court is strictly circumscribed. *See* 28 U.S.C. §§ 1334(d), 1452(b). We may review this decision only to the extent that Elia challenges the district court's conclusion that it was not required to abstain from deciding a non-core bankruptcy matter pursuant to 28 U.S.C. § 1334(c)(2). *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 445 (2d Cir. 2005). We review the denial of a motion to remand a non-core bankruptcy matter — including the question of whether a claim is a "core matter" — *de novo*. *See Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008); *In re United States Lines*, 197 F.3d 631, 636 (2d Cir. 1999).

We agree with Appellee Damon & Morey LLP ("Damon") that the claims raised in Elia's complaint are core matters not subject to mandatory abstention. Elia's latest purported cause of action is a transparent attempt to relitigate an attorneys' fees dispute that is, or ought to be, long settled, and this is not the first time we have said so. *See Bernheim v. Damon & Morey, LLP*, Nos. 06-3386-bk(L), 06-3389-bk(Con), 2007 WL 1858292, at *1 (2d Cir. Jun. 28, 2007) (summary order); *see also In re D.A. Elia Const. Corp.*, 295 F. App'x 394 (2d Cir. 2008) (summary order) ("This appeal is frivolous and should not have been brought by counsel, even if

2

authorized by the client."). Professional malpractice claims of the sort lodged against Damon are so fundamental to the final disposition of the estate that they cannot be separated from the bankruptcy action itself and can only be considered core matters. *See, e.g., In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999). Elia's claim that this case actually concerns prepetition conduct by Damon is wholly incredible, as the plain language of the complaint seeks redress for alleged malpractice, negligence and misconduct before the bankruptcy court. Elia cannot escape this matter's repose by pointing to a retainer agreement that was signed before the bankruptcy proceedings began, as any breach or negligent performance of that agreement is alleged to have occurred principally in the bankruptcy proceedings. To the extent that the complaint makes token references to other matters in which Damon represented Elia, the district court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to address them.

We have reviewed the district court's grant of summary judgment *de novo*, *see In re Bennett Funding Grp., Inc.*, 336 F.3d 94, 99 (2d Cir. 2003), and for substantially the reasons stated by the district court affirm its grant of summary judgment on the grounds of *res judicata*. We particularly agree with the district court that Elia's conduct "represents the very essence of what the *res judicata* doctrine was designed to foreclose." *D.A. Elia Construction Corp. v. Damon & Morey LLP*, 389 B.R. 314, 320 (W.D.N.Y. 2008). We address Damon's motion for sanctions in a separate motions order issued herewith.

We have considered all of Elia's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK