■ SOURCE ENTERPRISES, INC., et al., Appellants, v WINDELS MARX LANE & MITTENDORF, LLP, Respondent. [922 NYS2d 302]—

Judgment, Supreme Court, New York County (Ira Gammerman, JHO), entered July 15, 2010, which, to the extent appealed from, dismissed the complaint, pursuant to an order, same court and JHO, entered July 15, 2010, which granted defendant law firm's motion to dismiss the complaint, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court properly determined that this action, alleging, among other things, legal malpractice in connection with defendant's representation of plaintiffs in bankruptcy court, is barred by res judicata (compare *D.A. Elia Constr. Corp. v Damon & Morey LLP*, 389 BR 314, 318-320 [WD NY 2008], affd 394 Fed Appx 769 [2d Cir 2010], with *Penthouse Media Group, Inc. v Pachulski Stang Ziehl & Jones LLP*, 406 BR 453, 458-463 [SD NY 2009]). Contrary to plaintiffs' contention, it makes no difference whether counterclaims for malpractice and related malfeasance, which plaintiffs could have raised in the bankruptcy fee application proceeding, were "permissive" or "compulsory" within the meaning of the Bankruptcy Rules (see *In re Image Innovations Holdings, Inc.*, 391 BR 255, 261 [SD NY 2008]; *In re Intelogic Trace, Inc.*, 226 BR 382, 383-384 [WD Tex 1998], affd 200 F3d 382 [5th Cir 2000]). Had plaintiffs asserted affirmative malpractice claims in bankruptcy court, the matter could have been converted into an adversarial proceeding (see Fed Rules Bankr Pro rule 3007; *Grausz v Englander*, 321 F3d 467, 474 [4th Cir 2003]).

We have reviewed plaintiffs' other contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.